## ROBERT B. ANDERSON *versus* DANIEL FULLER *et al.*

By a contract between W. and the owners of a blacksmith's shop, it was agreed, that W. should take charge of the shop and exercise his trade as a blacksmith and agent, that he should have the profits of his labor, to be appropriated in payment for the shop and for .the stock that should be furnished, R., one of the defendants, being appointed by them agent to purchase the necessary stock, and that, whenever W. should have paid a certain sum for the shop and the cost of the stock, they would convey the shop to him ; and W. agreed, that he would deliver to R. a monthly account of the work done, that the books should be kept in the name of the defendants, and that R. should collect the bills, allowing W. what should be necessary for himself and family. It was *held*, that the defendants were not liable for the work performed in the shop by the plaintiff, on the application of W., there being no evidence that the plaintiff was hired on the credit of the defendants.

This was an action for work and labor done and performed. The parties stated a case.

On the 31st of December, 1833, the defendants entered into an agreement with G. W. Winslow, in the following words ;

" This is to certify, that whereas we, the subscribers, with the hereafter named Daniel Richardson, have purchased of Timothy Saunders, a blacksmith's shop and tools in Middleton, and George Washington Winslow agrees to take the charge of said shop, and exercise his said trade as blacksmith and agent, said Washington Winslow is to have the profits of his labor, to be appropriated to the payment of said shop and tools

and the stock that shall be furnished ; and whenever said Winslow shall pay 165 dollars, with interest, for the shop and tools, and the cost of all stock that shall be furnished him, then we agree to convey him the said shop and tools, by his paying all expenses that shall arise for our trouble, and the charges that shall arise by Daniel Richardson being agent to purchase stock. And we hereby appoint Daniel Richardson agent to purchase all necessary stock for said shop, by his keeping a book of the cost of stock and the work done in the shop." " And I, Washington Winslow, on my part, hereby certify, that I consent and agree to the above contract and agreement made and signed aforesaid, so far as respects my agency as blacksmith, and that I will keep an account of all work done in the shop and deliver the said Daniel Richardson an account monthly, and that he may have access to the books, at any and all times, and that the books shall be kept in the name of said company ; and said Richardson is hereby authorized to collect all bills for work done in the shop and cash received by said Richardson, allowing me what shall be necessary for me and my family's support ; provided always, reserving the stock and tools with interest and expenses." " N. B. It is to be re-membered, that what money is subscribed and paid, is to be for the benefit of said Winslow ; and said Richardson is authorized to collect and appropriate the same for that purpose."

It appeared, that Winslow carried on the business of a blacksmith in the shop, under this agreement, stock being furnished by Richardson in behalf of the defendants ; that the plaintiff worked at the shop with Winslow, and on his application ; and that, subsequently, the defendants, having dissolved their connexion with Winslow and resumed possession of the shop and stock, took the books, and collected the bills.

If the Court should be of opinion that the plaintiff was entitled to recover, the defendants were to be defaulted ; otherwise the plaintiff was to be nonsuited.

Saltonstall, for the plaintiff, cited 2 Kent's Comm. 493 ; Upton v. Gray, 2 Greenleaf, 373.

Ward, for the defendants, cited Paterson v. Gandasequi, 15 East, 66.

WILDE J. delivered the opinion of the Court. As the plaintiff's services, for which he demands compensation, were rendered on the application of Winslow, he must be considered as the contracting party, and alone liable to pay, unless he contracted as the agent for the defendants, and was authorized by them so to contract ; and we are of opinion, considering the contract on which the question depends, that he was not so authorized.

The contract between Winslow and the defendants was a contract of sale of a shop and tools, of which he was to have a conveyance whenever the profits of his labor, which were to be received by the defendants, who were to furnish stock, should amount to the sum of $ 165 and interest. It is true, that Winslow contracted to work for the defendants as their agent ; but this part of the agreement is to be understood in a restricted sense, which appears manifest from the other parts of the agreement. He was to have all the profits of his labor ; and he was in no sense their agent, except that he was to work their stock, and they were to receive the profits of his labor towards payment of the shop and tools, deducting only the amount necessary for the support of himself and family. In no part of the contract is he authorized, expressly or impliedly, to hire laborers on the defendants' account ; and there is no evidence to show that the plaintiff was hired on the defendants' credit. We think, therefore, there is no ground upon which the defendants can be held liable in this action.

*Judgment for defendants.*